Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT

FEB - 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THERESA MARIE SUMMERS,           ) Case No. CV 07-4555-JVS(RC)
                                 )
                    Petitioner,  )
                                 ) ORDER ADOPTING FINAL REPORT AND
vs.                              ) RECOMMENDATION OF UNITED STATES
                                 ) MAGISTRATE JUDGE
DEBRA PATRICK (WARDEN),          )
                                 )
                    Respondent.  )
_____)

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the petition and other papers along with the attached Final Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Final Report and Recommendation is approved and adopted; (2) the Final Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the habeas corpus petition and action as untimely.

//
//

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Final Report and Recommendation and Judgment by the United States mail on the parties.

DATED: 2./.08

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

R&R\07-4555.ado2
1/7/08

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THERESA MARIE SUMMERS, | ) | Case No. CV 07-4555-JVS(RC) |
| Petitioner, | ) | |
| vs. | ) | FINAL REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE |
| DEBRA PATRICK (WARDEN), | ) | |
| Respondent. | ) | |

This Final Report and Recommendation is submitted to the Honorable James V. Selna, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**BACKGROUND**

I

On January 16, 2003, in Los Angeles County Superior Court case no. BA224938, petitioner Theresa Marie Summers, aka Theresa Summers, pursuant to a plea agreement, pleaded nolo contendere to, and was convicted of, one count of voluntary manslaughter in violation of

California Penal Code ("P.C.") § 192(a), and petitioner admitted that in committing the offense she personally use a firearm (gun) within the meaning of P.C. § 12022.5(a). Motion to Dismiss ("Motion"), Exhs. A-D. On the same date, the trial court sentenced petitioner to the total term of 16 years in state prison. Id., Exhs. B-D. The petitioner did not appeal her conviction or sentence. Petition at 3.

On September 16, 2006,[1] petitioner filed a habeas corpus petition in the Los Angeles County Superior Court, which denied the petition on September 27, 2006. Motion, Exhs. E-F. On or around October 23, 2006, petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on October 26, 2006. Id., Exh. G. On November 3, 2006, petitioner filed a habeas corpus petition in the California Supreme Court,[2] which denied the petition on May 9, 2007. Id., Exhs. H-I.

## II

Effective July 3, 2007, petitioner filed a habeas corpus petition

---

[1] "Under the 'prison mailbox rule' . . . a prisoner's . . . habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) (citation omitted); Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." Huizar, 273 F.3d at 1223; Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001).

[2] In her petition for habeas corpus relief to the California Supreme Court, petitioner raised the sole claim that her "present sentence violates her Sixth Amendment Right to a unanimous jury" in light of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

under 28 U.S.C. § 2254 challenging her sentence on the sole ground that her Sixth and Fourteenth Amendment rights "to a unanimus [sic] jury was arbitrarily recended [sic]" since she "accepted a plea bargain for a six-year term[,]" which was enhanced by ten years in violation of *Blakely*. Petition at 5. On September 18, 2007, respondent filed a motion to dismiss the pending petition, arguing it is untimely and unexhausted. On January 2, 2008, petitioner untimely filed an opposition to the motion to dismiss.[3]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir.), cert. denied, 521 U.S. 1111 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the

---

[3] The initial Report and Recommendation was filed on December 5, 2007, and on January 2, 2008, after the time to file objections to the Report and Recommendation had expired, petitioner filed an opposition to the motion to dismiss. The Court treats petitioner's opposition as objections to the Report and Recommendation, as well as an opposition to respondent's motion to dismiss. This Final Report and Recommendation addresses petitioner's claims for application of Section 2244(d)(1)(D) and equitable tolling raised in her untimely opposition to the motion to dismiss.

>conclusion of direct review or the expiration of the
>time for seeking such review;
>
>* * *
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The petitioner did not appeal her conviction or sentence to the California Court of Appeal, and the judgment became final 60 days after petitioner was sentenced on January 16, 2003. See former California Rules of Court, Rule 31(d) (2003);[4] Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001). Thus, for petitioner, the

---

[4] Effective January 1, 2004, the substance of former Rule 31(d) was moved to former Rules 30(b) and 30.1(a), Earls v. Hernandez, 403 F. Supp. 2d 985, 988 n.3 (C.D. Cal. 2005), and these rules were renumbered as Rules 8.304(b) and 8.308(a) effective January 1, 2007.

1  statute of limitations began to run on March 18, 2003, and expired on
2  March 17, 2004, one year after her state court judgment became final.
3  The instant action was not filed until more than three years after the
4  statute of limitations had run; thus, it is untimely.

6       Nevertheless, this Court must consider whether the statute of
7  limitations was tolled while petitioner's applications for collateral
8  relief were pending in the California courts.  Here, since petitioner
9  filed her state habeas corpus petitions in 2006, after the statute of
10 limitations had expired, these petitions neither tolled nor revived
11 the expired limitations period.  Jiminez v. Rice, 276 F.3d 478, 482
12 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003); Green v. White,
13 223 F.3d 1001, 1003 (9th Cir. 2000).

15      Moreover, although petitioner's habeas corpus claim relies on
16 Blakely, which was decided on June 24, 2004, after petitioner's
17 conviction became final, Section 2244(d)(1)(C) does not benefit
18 petitioner since Blakely does not apply retroactively to cases on
19 collateral review.  See Schardt v. Payne, 414 F.3d 1025, 1038 (9th
20 Cir. 2005) ("[T]he Supreme Court announced a new rule in Blakely v.
21 Washington that does not apply retroactively to a conviction that was
22 final before that decision was announced."); Pettijohn v. Bartos, __
23 Fed. Appx. __, 2007 WL 2818490, *1 (9th Cir. (Ariz.)) (Inmate's
24 contention that his petition was timely under Section 2244(d)(1)(C)
25 because it was filed within a year of the Supreme Court's Blakely
26 decision "lacks merit because the Supreme Court has not held that
27 //
28 //

*Blakely* is retroactively applicable to cases on collateral review.").[5] Furthermore, even if Section 2244(d)(1)(C) could apply to the pending habeas corpus petition, the petition would still be untimely because petitioner did not file her federal habeas corpus petition, or any state petitions for post-collateral review, within one year of June 24, 2004.

Under Section 2244(d)(1)(D), AEDPA's statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of her claims, not when a petitioner learns the legal significance of those facts. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); see also Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Section 2244(d)(1)(D) provides a petitioner with a later accrual date than Section 2244(d)(1)(A) only 'if vital facts could not have been known.'" (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000))), cert. denied, 544 U.S. 1037 (2005). The petitioner contends she "was not aware of [the] factual predicate[] of her claims until receiving a letter saying [she] must exhaust [her] claims in [the] Supreme Court." Opposition at 2. Setting aside petitioner's failure to mention when she received the letter, petitioner's claim is without merit because she was well aware of the factual predicate of her claim, i.e., that she received an allegedly unconstitutional sentence enhancement, on the day she was sentenced -- January 16, 2003. United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004).

//

---

[5] See Fed. R. App. P. 32.1(a); Ninth Circuit Rule 36-3(b).

Finally, there is no basis for this Court to equitably toll AEDPA's statute of limitations. A habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation and internal quotation marks omitted); Espinoza-Matthews v. People of the State of Cal., 432 F.3d 1021, 1026 (9th Cir. 2005). The petitioner bears the burden of proving: "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006). Additionally, "the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate causes of [her] untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations and internal quotation marks omitted); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied sub nom., Belleque v. Kephart, 127 S. Ct. 1880 (2007).

The petitioner contends she failed to comply with statutory time limits "due to lack of knowledge and not having [an] attorney" to represent her and "[d]ue to [a] lack of assistance from the prison law library and outside resources." Opposition at 1. As an initial matter, a habeas petitioner "ha[s] no right to [an attorney's] advice" regarding post-conviction relief, and petitioner is not entitled to equitable tolling because he did not receive such gratuitous advice. Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir.), cert. denied, 123 S. Ct. 496 (2002). Moreover, a petitioner's lack of legal knowledge or assistance is not a ground for equitably tolling the

statute of limitations. See Roy, 465 F.3d at 970 ("It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling."); Larry v. Dretke, 361 F.3d 890, 897 (5th Cir.) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." (citation omitted)), cert. denied, 543 U.S. 893 (2004); Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001) ("In the context of habeas claims, courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law."); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."), cert. denied, 534 U.S. 863 (2001); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing.'" (citations omitted)), cert. denied, 531 U.S. 1194 (2001).[6] Thus, petitioner has not established grounds to equitably toll the statute of limitations.

**RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Final Report and Recommendation; (2) adopting the Final Report and Recommendation as

//
//
//

---

[6] Since the Court finds the petition to be untimely, the Court need not address respondent's defense that the petition is unexhausted.

1  the findings of fact and conclusions of law herein; and (3) entering
2  Judgment dismissing the petition and action as untimely.
3
4  DATE: January 7, 2008                    **ROSALYN M. CHAPMAN**
                                            ROSALYN M. CHAPMAN
5                                           UNITED STATES MAGISTRATE JUDGE
6  R&R\07-4555.R&R2
   01/07/08
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28